JUDGE CROTTY



10 CIV 4307

Robert D. Owen
Sarah E. O'Connell
FULBRIGHT & JAWORSKI L.L.P.
666 Fifth Avenue
New York, New York 10103
(212) 318-3000
rowen@fulbright.com
soconnell@fulbright.com

*Attorneys for Plaintiff-Stakeholder*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

OPPENHEIMER & CO., INC.,

    *Plaintiff-Stakeholder,*

 - against –

ALLEN REICHMAN, MARY REICHMAN and KIM HOLLAND as Receiver for PARK AVENUE PROPERTY AND CASUALTY INSURANCE COMPANY,

    *Defendants-Claimants.*

**INTERPLEADER COMPLAINT**

Case No.:

---

Oppenheimer & Co., Inc. ("Oppenheimer"), by its undersigned attorneys, alleges as follows:

### THE PARTIES

1. Plaintiff-Stakeholder Oppenheimer is a New York corporation with its principal place of business in New York, New York.

2. On information and belief, Defendant-Claimant Allen Reichman ("Mr. Reichman") is a resident of Irvington, New York. Mr. Reichman is a former registered representative of Oppenheimer.

- 1 -

3. On information and belief, Defendant-Claimant Mary Reichman (Mrs. Reichman") is a resident of Irvington, New York.

4. Defendant-Claimant Kim Holland, Insurance Commissioner of the State of Oklahoma, was appointed as receiver for Park Avenue Property and Casualty Insurance Company f/k/a Providence Property and Casualty Insurance Company by Order dated November 13, 2009 (the "Receiver"). Holland is a resident of the State of Oklahoma.

## JURISDICTION AND VENUE

5. The court has jurisdiction over this action pursuant to 28 U.S.C. § 1335 and 28 U.S.C. § 2361. At issue are specific securities and funds in an identifiable account located in New York, New York having a value in excess of $500.00. Such securities and funds are being deposited with the registry of this Court.

6. Venue is based in this district pursuant to 28 U.S.C. § 1397.

## FACTUAL ALLEGATIONS

### Park Avenue Insurance and Providence Property & Casualty Insurance Company

7. Upon information and belief, Park Avenue Insurance, LLC ("Park Avenue") is a Delaware limited liability company owned by Charles Antonucci, Sr. Upon information and belief, Park Avenue is a holding company for Park Avenue Property and Casualty Insurance Company f/k/a Providence Property and Casualty Insurance Company.

8. In 2008, Park Avenue sought approval from the Insurance Commissioner of the State of Oklahoma to acquire Providence Property & Casualty Insurance Co. ("Providence"). Such permission was granted on January 29, 2009.

9. Upon information and belief, in or around January 9, 2009, Providence terminated Wells Fargo Bank as custodian of a certain bond portfolio (the "Bonds") and transferred custody of the Bonds to Oppenheimer.

10. On or around that same date, Providence opened an account with Oppenheimer (the "Providence Account"). The Oppenheimer Account Agreement form for the Providence account was executed by Derek Lancaster, the President of Providence.

11. On January 27, 2009, Park Avenue opened an account with Oppenheimer (the "Park Avenue Account"). The Oppenheimer Account Agreement form for the Park Avenue account was executed by Charles Antonucci.

12. By letter dated January 28, 2009, Charles Antonucci on behalf of Park Avenue represented that the Bonds held by Oppenheimer on behalf of Providence were "excess capital," and further represented that the Bonds were not policyholder collateral required by the State of Oklahoma to be held in reserve to secure payment of claims made on policies issued by Providence. These representations were false when made.

13. By letter dated January 30, 2009, Charles Antonucci on behalf of Park Avenue ordered that Oppenheimer effect a journal transfer of the Bonds from the Providence Account to the Park Avenue Account. Oppenheimer heeded the order and effected the transfer.

**Mr. Reichman's Employment With Oppenheimer**

14. On or about May 26, 2006, Mr. Reichman was hired by Oppenheimer as an Executive Director.

15. During the course of his employment, Mr. Reichman opened two accounts with Oppenheimer. He maintains an individual account as well as a joint account with Mrs. Reichman. (These accounts are referred to collectively herein as the "Reichman Accounts.")

16. Mr. Reichman's employment with Oppenheimer was terminated on or about March 26, 2010.

**The Competing Claims to the Funds in the Accounts**

17. Following Mr. Reichman's termination for cause, the Reichmans were restricted from accessing the Reichman Accounts.

18. By letter dated April 15, 2010, counsel for Mr. Reichman demanded that the funds in the Reichman Accounts be released to Mr. Reichman immediately.

19. By electronic mail message dated April 26, 2010, Andrew Downing, counsel for the Receiver, advised Oppenheimer that the Receiver asserted a claim over any and all assets of Mr. Reichman held by Oppenheimer, and requested that no funds be distributed to Mr. Reichman.

20. By Statement of Claim dated May 19, 2010, Mr. and Mrs. Reichman initiated a FINRA arbitration against Oppenheimer & Co., Inc. (the "Statement of Claim"). The Statement of Claim alleges, *inter alia*, that Oppenheimer has converted assets of Mr. and Mrs. Reichman by freezing the Reichman Accounts. The Statement of Claim seeks an immediate order requiring Oppenheimer to release all of the funds in the Reichman Accounts.

21. By letter dated May 21, 2010, counsel for Mr. and Mrs. Reichman again asserted that Oppenheimer's continued freezing of the Reichman Accounts constituted conversion, and stated that Mr. and Mrs. Reichman would hold Oppenheimer liable for all losses in the Reichman Accounts from the date the Accounts were frozen until the funds are released.

## CAUSE OF ACTION FOR INTERPLEADER

22. Oppenheimer repeats and realleges the allegations set forth in Paragraphs 1-21 above as if fully set forth herein.

23. Mr. and Mrs. Reichman have asserted that they are entitled to the funds in the Reichman Accounts and have initiated the Arbitration to obtain the release of the funds from the Reichman Accounts.

24. The Receiver has also asserted a claim over the funds in the Reichman Accounts.

25. Consequently, Oppenheimer is faced with competing claims to the Reichman Accounts. As a result of these competing and irreconcilable claims, Oppenheimer is or may be subject to potential multiple liability.

26. Oppenheimer has no interest in this dispute, but is merely a stakeholder. Oppenheimer is depositing the contents of the Reichman Accounts into the registry of this Court or, alternatively and only if required by the Court, Oppenheimer is liquidating all securities held in the Reichman Accounts and is depositing the proceeds of such liquidation into the registry of this Court. Oppenheimer has no further interest in the dispute between the Receiver and Mr. and Mrs. Reichman as to who is entitled to the funds in the Account.

27. Oppenheimer is entitled (i) to have the Court order Mr. and Mrs. Reichman and the Receiver to interplead their conflicting claims, (ii) to have the court decide those claims as between Mr. and Mrs. Reichman and the Receiver without the need for further participation by Oppenheimer and (iii) to an order of discharge from the Court.

WHEREFORE, Oppenheimer demands:

1. That the Court order Mr. and Mrs. Reichman and the Receiver to interplead their respective claims with regard to the right to the funds in the Reichman Accounts;

2. That the Court adjudge whether Mr. and Mrs. Reichman, on the one hand, or the Receiver, on the other hand, is entitled to the securities and/or funds in the Reichman Accounts;

3. That the Court enjoin Mr. and Mrs. Reichman and the Receiver from commencing or maintaining any other action or proceeding against Oppenheimer pending

adjudication by this Court of their respective claims to the funds in the Reichman Accounts;

4. That upon payment or transfer by Oppenheimer of the securities and/or funds in the Reichman Accounts into the Court, Oppenheimer be discharged from liability to the extent allowed by law;

5. That the Court award to Oppenheimer its costs and attorneys' fees; and

6. That the Court grant such other and further relief as it deems appropriate.

Dated: New York, New York
May 28, 2010

FULBRIGHT & JAWORSKI L.L.P.

By: _____
Robert D. Owen

Sarah E. O'Connell
666 Fifth Avenue
New York, New York 10103
(212) 318-3000

*Attorneys for Plaintiff-Stakeholder*